# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Martin, | Civil No. 08-4704 (DWF/JJK) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Lionel H. Peabody, Esq., Peabody Law Office, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

---

This matter is before the Court upon Plaintiff David Martin's ("Plaintiff") objections to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated July 14, 2009, recommending that: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; (3) the decision of the Commissioner of Social Security be affirmed; and (4) this case be dismissed with prejudice. Defendant Commissioner of Social Security Michael J. Astrue submitted a Response to Report and Recommendation dated July 16, 2009.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

In the Report and Recommendation, Magistrate Judge Keyes addressed in detail Plaintiff's challenges to the determination of the Administrative Law Judge ("ALJ") that Plaintiff was not entitled to social security disability benefits. Plaintiff argued that: (1) the ALJ erred in his consideration of the Veteran's Administration's ("VA") determination of disability; (2) the ALJ improperly credited the opinions of nonexamining reviewers; (3) the ALJ's finding that Plaintiff's disability did not meet or equal a listing-level impairment was erroneous; and (4) the ALJ's residual functional capacity ("RFC") finding was based on an improper hypothetical and therefore not supported by substantial evidence. He repeats these arguments in his Objections to the Magistrate Judge's decision.

As Magistrate Judge Keyes found, the ALJ thoroughly examined Plaintiff's treatment history, including the history the VA relied on in determining that Plaintiff was entitled to VA disability benefits. Although Plaintiff contends that the ALJ was required to address specifically the VA's disability finding, the Magistrate Judge correctly noted that legal precedent in this jurisdiction requires precisely what the ALJ did here: an evaluation of the actual records underlying another agency's determination, not necessarily an examination of the determination itself. Moreover, had the ALJ merely relied on the VA's disability determination, this would have been reversible error. As the ALJ found, the VA's standard for determining disability is not the same as the Social

Security Administration's standard for determining disability. The Objections are not well taken on this point.

Similarly, the Magistrate Judge's conclusion that the ALJ did not err in relying on the opinions of nonexamining reviewers is correct. The ALJ examined all of the evidence, noting in particular the inconsistencies in some of the findings of Plaintiff's examining doctors. The ALJ was entitled to conclude from these inconsistencies that the findings of Plaintiff's treating doctors were not entitled to more weight than the findings of the nonexamining reviewers. In addition, Plaintiff offers no evidence that he meets or equals a listing-level impairment, merely arguing that such is the case. The Magistrate Judge's decision on these two issues is correct.

Finally, the Magistrate Judge correctly determined that the ALJ's RFC finding was supported by substantial evidence. The evidence before the ALJ was inconsistent at best; his RFC finding reflects what the evidence actually established, not what Plaintiff argued that the record established. The Objections are overruled, and Magistrate Judge Keyes's July 14, 2009, Report and Recommendation is adopted in its entirety.

Based on the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff David Martin's objections (Doc. No. 25) to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated July 14, 2009, are **DENIED**.

2. Magistrate Judge Jeffrey J. Keyes's Report and Recommendation dated July 14, 2009 (Doc. No. 23), is **ADOPTED**.

3. Plaintiff's Motion for Summary Judgment (Doc. No. 6), is **DENIED**.

4. Defendant's Motion for Summary Judgment (Doc. No. 14), is **GRANTED**.

5. The decision of the Commissioner of Social Security is **AFFIRMED**.

6. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 14, 2009     s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge